CERTIFICATE OF SERVICE
I certify that a copy of the foregoing document to which this certificate is attached was served on the attorney(s) of record for defendant(s) via telefax mail/personal delivery on the ___ day of _____, 20__.

UNITED STATES ATTORNEY
by: _____

CC TO JUDGE ___ pm

JUDGE LASNIK

___ FILED ___ ENTERED
___ LODGED ___ RECEIVED

AUG 03 2001 PM
AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JAMES HOUSTON ANDERSON, ET AL.,

    Defendants.

№ CR00–482L

GOVERNMENT'S RESPONSE TO DEFENDANT ANDERSON'S MOTION FOR HYDE AMENDMENT FEES, SANCTIONS, AND DISCOVERY

    In an effort to further capitalize on his extraordinary good fortune in having the Government dismiss the charges pending against him following entry of a guilty plea by Intrex Helicopters, Inc. ("Intrex"), defendant James Anderson has filed a motion to recover attorneys fees and litigation expenses under the Hyde Amendment,[1] 18 U.S.C. § 3006A note, and for

---

[1] The Hyde Amendment provides:

> During fiscal year 1998 and in any fiscal year thereafter, the court, in any criminal case (other than a case in which the defendant is represented by assigned counsel paid for by the public) pending on or after the date of the enactment of this Act [Nov. 26, 1997], may award to a prevailing party, other than the United States, a reasonable attorney's fee and other litigation expenses, where the court finds that the position of the United States was vexatious, frivolous, or in bad faith, unless the court finds that special circumstances make such an award unjust. Such awards shall be granted pursuant to the procedures and limitations (but not the burden of proof) provided for an award under section 2412 of title 28, United States Code. To determine whether or not to award fees and costs under this section, the court, for good cause shown, may receive evidence ex parte and in camera (which shall include the submission of classified evidence or evidence that reveals or might reveal the identity of an informant or undercover agent or matters occurring before a grand jury) and evidence or testimony so received shall be kept under seal. Fees and other expenses awarded under this provision to a party shall be paid by the agency over which the party prevails from any funds made available to the agency by appropriation. No new appropriations shall be made as a result of this provision.

18 U.S.C. § 3006A note.

GOVERNMENT'S RESPONSE TO D[...]
FOR HYDE AMENDMENT FEES/A[...]



CR 00-00482  #00000118

UNITED STATES ATTORNEY
601 Union Street, Suite 5100
Seattle, Washington 98101-3903
(206) 553-7970

general sanctions, arguing that the Government's action in seeking the indictment returned by the grand jury was vexatious, frivolous, and in bad faith. In addition, in a transparent attempt to obtain information concerning the identity of all witnesses who would have testified against him on the Government's behalf, he seeks broad, wholesale civil discovery, including depositions of government personnel and examination of personnel files and grand jury materials. Defendant Anderson's motion is itself vexatious and frivolous, and plainly an effort to avenge himself on any witness—the identity of whom may have been protected by the Government's termination of the prosecution following entry of the Intrex plea—whose testimony might have prompted the government to seek, and the grand jury to return, the eight-count indictment against him. Each of his claims is baseless. For the reasons set forth below, his motion should be denied.

### I. ARGUMENT

#### A  Defendant Anderson Was Not a "Prevailing Party" for Purposes of the Hyde Amendment.

In order to recover the fees and expenses he seeks under the Hyde Amendment, defendant Anderson concedes that, as a threshold matter, he must be a "prevailing party." *See* Memorandum of Facts and Authorities in Support of James Anderson's Motion for Hyde Amendment Fees, Sanctions, and Discovery at 1 n.1 [hereinafter cited as "Defendant's Memorandum"]. However, other than the sweeping statement that "it is a cinch to do so," *id.*, he offers no authority for the proposition that when—through no action on his part or on the part of the Court—the charges against him are dismissed, he is the "prevailing party" for purposes of the fee-shifting provisions of the Hyde Amendment. The law, indeed, is to the contrary.

The Supreme Court considered the definition of "prevailing party" most recently in the context of a claim for attorney's fees under the Fair Housing Amendments Act of 1988 ("FHAA") and the Americans with Disabilities Act ("ADA"). First noting that Congress has employed the legal term of art "prevailing party" in numerous statutes authorizing awards of attorney's fees, in addition to the FHAA and ADA, the Court concluded that, based on its prior cases, "[a] 'prevailing party' is one who has been awarded some relief by the court . . . ." *Buckhannon Board and Care Home v. West Virginia*, 121 S. Ct. 1835, 1837 (2001). Here, the

GOVERNMENT'S RESPONSE TO DEFENDANT ANDERSON'S MOTION
FOR HYDE AMENDMENT FEES/ANDERSON — 2

UNITED STATES ATTORNEY
601 Union Street, Suite 5100
Seattle, Washington 98101-3903
(206) 553-7970

charges against defendant Anderson were not resolved by jury verdict or ruling of the Court. Dismissal of the charges was a unilateral action by the Government, prompted neither by any act or decision of the Court nor any motion or request of the defendant. He is thus not a "prevailing party" for purposes of the Hyde Amendment, and his motion should be dismissed.

### B. Defendant's Motion Is Without Merit and Should Be Dismissed.

Defendant Anderson's motion is frivolous on its face. The grand jury weighed the evidence presented to it and found probable cause to indict the defendant on eight counts. If this were not enough, defendant Anderson's own codefendant—Kim Powell, his former partner in Intrex Helicopters, Inc.—signed the plea agreement for the corporation's guilty plea, admitting publicly on the corporation's behalf that he, defendant Anderson, and a corporate contract mechanic, Ricky Boatright, falsified corporate maintenance records and presented them to the Federal Aviation Administration. *See* Plea Agreement of Intrex Helicopters, Inc. at 2-3. This was *precisely* the criminal conduct that was a central element of the charges against the individual defendants Anderson and Powell contained in the Indictment,[2] and Powell admitted that both he and Anderson engaged in such conduct in spite of the prospect of a civil suit for libel if the admissions were false. We fail to comprehend any circumstance under which the return of an indictment premised on these facts could be found to be "a position of the United States [that] was vexatious, frivolous, or in bad faith." 18 U.S.C. § 3006A note.

/
/
/
/

---

[2] Defendant Anderson complains that the reference to him in the corporation's plea agreement was malicious, designed only to damage his reputation. Defendant's Memorandum at 2 n.2. To the contrary, the reference to defendant Anderson was entirely proper, indeed essential, because a corporate guilty plea is entirely dependant on the actions of its employees, shareholders, and officers. Plainly, his actions as both a shareholder and an officer (setting aside, for the moment, whether he was at one point president of the corporation, defendant Anderson does not dispute that he was a 50% shareholder and officer of Intrex) were necessary to establish the factual basis for the guilty plea of the corporation.

GOVERNMENT'S RESPONSE TO DEFENDANT ANDERSON'S MOTION
FOR HYDE AMENDMENT FEES/ANDERSON — 3

UNITED STATES ATTORNEY
601 Union Street, Suite 5100
Seattle, Washington 98101-3903
(206) 553-7970

      C.    *The Government Is Prepared to Address Every Allegation in an In Camera Submission to the Court.*

We emphatically deny, in the strongest possible terms, each of the allegations raised in defendant Anderson's motion. We are convinced that he brings this motion in large part to discover the identity of additional witnesses that he imagines may have contributed to his indictment. Although we believe that the motion should be dismissed for the reasons outlined above, if the Court wishes us to address specific points raised in defendant Anderson's pleading, we ask that the Court permit us to do so *in camera*, in order to preserve the secrecy of the proceedings before the grand jury and to protect the identity of its witnesses.[3] During the course of the investigation, the Government received information from a least two persons indicative of defendant Anderson's violent and retributive nature. In addition to protecting witness identity and the secrecy of the grand jury proceedings, proceeding in such a fashion is consistent with the Supreme Court's admonition that "[a] request for attorney's fees should not result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). *See Buckhannon Board and Care Home v. West Virginia*, 121 S. Ct. at 1843. *See also Blaylock Electric v. NLRB*, 121 F.3d 1230, 1234 (9th Cir. 1997) ("Congress did not intend EAJA fees determination to involve 'additional evidentiary proceedings or additional discovery of agency files, solely for EAJA purposes'") (quoting *United States v. Certain Real estate Property*, 838 F.2d 1558, 1565 (11th Cir. 1988)).

## II. CONCLUSION

For the reasons set forth above, defendant's Motion for Attorney Fees and Litigation Expenses Under Hyde Amendment; Motion for General Sanctions; Motion for Permission to

---

[3] The Hyde Amendment explicitly contemplates proceeding in such a fashion:

> To determine whether or not to award fees and costs under this section, the court, for good cause shown, may receive evidence ex parte and in camera (which shall include the submission of classified evidence or evidence that reveals or might reveal the identity of an informant or undercover agent or matters occurring before a grand jury) and evidence or testimony so received shall be kept under seal.

18 U.S.C. § 3006A note.

GOVERNMENT'S RESPONSE TO DEFENDANT ANDERSON'S MOTION
FOR HYDE AMENDMENT FEES/ANDERSON — 4

UNITED STATES ATTORNEY
601 Union Street, Suite 5100
Seattle, Washington 98101-3903
(206) 553-7970

1  Take Discovery and for Court to Conduct an In Camera or Other Investigatin into Government
2  Misconduct should be denied.

3      DATED this __3__ day of __August__, 2001.

Respectfully submitted,

FRANCIS J. DISKIN
United States Attorney

PETER O. MUELLER
Assistant United States Attorney

GOVERNMENT'S RESPONSE TO DEFENDANT ANDERSON'S MOTION
FOR HYDE AMENDMENT FEES/ANDERSON — 5

UNITED STATES ATTORNEY
601 Union Street, Suite 5100
Seattle, Washington 98101-3903
(206) 553-7970