CERTIFICATE OF SERVICE
I, certify that a copy of the foregoing document to which this certificate is attached was delivered to the attorneys of record of plaintiff, defendant, on the 18 day of Sept 2001
UNITED STATES ATTORNEY
BY: [signature]

JUDGE LASNIK

FILED ____ ENTERED
____ LODGED ____ RECEIVED
SEP 18 2001 PM
AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

CR 00-00482 #00000125

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JAMES HOUSTON ANDERSON, ET AL., <br><br> Defendants. | N° CR00-482L <br><br> GOVERNMENT'S OPPOSITION TO DEFENDANT ANDERSON'S MOTION TO STRIKE SUPPLEMENTAL RESPONSE |

The United States respectfully responds to defendant Anderson's Motion to Strike Government's Supplemental Response, as follows:

Defendant asserts that the Government's Supplemental Response to his Hyde Amendment motion for attorney's fees and other relief was improperly filed under the Federal and Local Rules of Civil Procedure, and urges the Court to strike the pleading and disregard the government's factual and legal positions stated therein. We oppose this request and believe that defendant's reliance on the civil rules to support his request is misplaced. This is a motion brought on behalf of a defendant in a criminal case. As such, we believe it is subject to criminal, rather than civil rules of procedure. Defendant's motion is the first and only Hyde Amendment claim ever brought in this District. No specific procedures for adjudicating such a claim have been established either in this District, or nationally. The Hyde Amendment itself does not address the nature of the motions or responses to be filed nor the procedural rules and time table governing the litigating of such motions, except to authorize the Court's consideration of ex parte, in camera evidence, and to incorporate the procedures for awards under 28 U.S.C. §

GOVERNMENT'S SUPPLEMENTAL RESPONSE TO DEFENDANT ANDERSON'S
MOTION FOR HYDE AMENDMENT FEES/ANDERSON — 1

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

2412, the Equal Access to Justice Act (EAJA). The EAJA, in turn, does not deal with pleadings and the timing of their submissions, except to require that a party seeking an award of attorney's fees submit its application within 30 days of final judgment. 28 U.S.C.§ 2412((d)(1)(B).

The United States Attorney's Office was served with the instant motion on July 27, 2001. Having no prior experience with Hyde Amendment claims in this District, we notified the Department of Justice and sought guidance concerning the procedures and organizational responsibilities, if any, established by the Department for response. We were advised that each United States Attorney's Office is responsible for litigating claims arising in its district and that it is the national position of the Department of Justice that criminal rules and procedures apply to such motions.[1] Accordingly, we filed our initial response on August 3, 2001, within the seven days provided by the local criminal rules. (Local Rules CrR 47 and CrR12) . Subsequently, we received a copy of the response filed on behalf of co-defendant Powell and the reply filed by defendant Anderson's attorney. It has been our experience in criminal cases in this District that the parties, both defense and prosecution, frequently file supplemental pleadings with respect to pending, undecided motions, and the Court routinely considers such supplemental pleadings and any responses thereto.[2]

In reviewing defendant's motion, and his reply pleading, it became evident to us that if the Court is required to resolve the many factual issues posed by defendant's motion, vast amounts of scarce prosecutorial and agency resources will have to be expended in refuting defendants myriad factual claims and assertions made in support of his motion, and a very significant commitment of judicial time would be required in order to determine the truthfulness and accuracy of defendant's many claims. Because we believe that the governing law, when applied to a few uncontested and indeed, incontestable facts, allows the Court correctly to

---

[1] The courts have heretofore considered the applicablity of criminal vs. civil rules with respect to Hyde Amendment claims, only in the context of the timing for filing an appeal under the Federal Rules of Appellate Procedure. E.g., *compare*, United States v. Robbins, 179 F.3d 1268, 1270 (10th Cir. 1999) (criminal rule applies) *with* United States v. Truesdale, 211 F.3d 898, 902 (5th Cir. 2000) (civil rule applies).

[2] While local rule CrR 12 does not specifically authorize supplemental pleadings, neither does it forbid them.

GOVERNMENT'S SUPPLEMENTAL RESPONSE TO DEFENDANT ANDERSON'S
MOTION FOR HYDE AMENDMENT FEES/ANDERSON — 2

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

resolve this motion without such major expenditure of resources, we filed our supplemental brief to present that position for the Court's consideration. We, of course, have no objection to, and indeed welcome, a response from the defendant to the merits of our position set forth in our supplemental brief. We believe that proceeding in such manner will substantially narrow the issues for the Court's consideration, and help bring about a speedy and efficient resolution of the motion. If the Court believes that the filing of the Supplemental Response offended the procedural rules cited by the defendant, then we respectfully seek the Court's permission, nunc pro tunc, to permit it to be filed and considered after an appropriate opportunity for the defendant to respond.[3]

For the foregoing reasons, defendant Anderson's Motion to Strike the government's Supplemental Response, should be denied.

DATED this 18th Day of September, 2001

Respectfully submitted,

FRANCIS J. DISKIN
United States Attorney

PETER O. MUELLER
Assistant United States Attorney

---

[3] Since the defendant flatly asserts there is "no substance" to the government's position as stated in its Supplemental Response, it is hard to understand why he mounts such a vigorous procedural attack in an effort to prevent the Court from considering the Supplemental Response.

GOVERNMENT'S SUPPLEMENTAL RESPONSE TO DEFENDANT ANDERSON'S
MOTION FOR HYDE AMENDMENT FEES/ANDERSON — 3

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970