Honorable John C. Coughnour



FILED
LODGED
ENTERED
RECEIVED
JAN 3 1 2003
BY
WESTERN DISTRICT COURT
CLERK U.S. DISTRICT COURT
AT SEATTLE
WESTERN DISTRICT OF WASHINGTON
DEPUTY
MR

CR 00-00482 #00000147

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR00-0482 C |
| Plaintiff, | MEMORANDUM IN SUPPORT OF GOVERNMENT'S RESPONSE TO KIM POWELL'S RULE 41(e) MOTION FOR RETURN OF PROPERTY |
| v. | |
| JAMES HOUSTON ANDERSON, KIM POWELL, *et al.*, | Noted for. February 7, 2003 |
| Defendants. | |

## MEMORANDUM OF LAW

### I

### INTRODUCTION

On January 15, 2003, Kim Powell filed a motion asking the Court to order the property that had been seized from his residence in April 1997 as part of a now-completed Federal Aviation Administration ["FAA"] investigation.[1]  That motion should be denied

---

[1]  Because Mr. Powell's Rule 41(e) motion is a separate civil action, not part of the now-completed criminal prosecution, *see, e g , In Re Grand Jury Subpoenas*, 926 F 2d 847, 855 (9th Cir 1991) (return of property motion filed when criminal investigation or prosecution no longer pending is

MEMORANDUM IN SUPPORT OF
GOVERNMENT'S RESPONSE TO KIM
POWELL'S RULE 41(e) MOTION FOR
RETURN OF PROPERTY – 1

UNITED STATES DEPARTMENT OF JUSTICE
CRIMINAL DIVISION
ORGANIZED CRIME AND RACKETEERING SECTION
1110 THIRD AVENUE
SEATTLE, WASHINGTON 98101
(206) 262-2077



1  for several reasons. First, the government is in the process of releasing some of the
2  property seized from Powell  Second, on May 30, 2002, a federal grand jury subpoenaed
3  all of the seized property, including the remainder that the government is not releasing,
4  from the FAA as part of an ongoing criminal investigation. Defendant Powell has not
5  made a showing sufficient to overcome the presumption of the legitimacy of that
6  subpoena or the grand jury's need for the retained property. Finally, some of the seized
7  property that is being retained – such as falsified helicopter maintenance logs – is
8  contraband and should not be ordered returned under any circumstances.

## II

## FACTUAL BACKGROUND

11  In 1997, the FAA, along with the United States Attorney's Office for the Western
12  District of Washington, was conducting a criminal investigation of a corporation called
13  Intrex Helicopter, Inc. ["Intrex"] and the principals of that corporation, Kim Powell and
14  James Houston Anderson. Powell and Anderson had formed Intrex as part of their efforts
15  to build a helicopter and persuade the FAA to certify it as airworthy. Assistant United
16  States Attorney ["AUSA"] Thomas Crane Wales was assigned to the case.

17  On April 24, 1997, as part of its investigation, the FAA executed search warrants
18  at the residences of Powell and Anderson. At both locations, FAA investigators seized
19  documents and other physical evidence related to Intrex and the helicopter.[2]

20  On September 26, 2000, a federal grand jury indicted Powell, Anderson, and two
21  others for crimes related to Intrex and the helicopter. The charges included conspiracy,
22  in violation of 18 U.S.C. § 371; mail fraud, in violation of 18 U.S.C. §§ 1341 & 2,

---

treated as a civil case), it may have been more appropriate to caption the case as "Kim Powell v  United States" with a civil docket number, rather than use the caption and case number from the now-completed criminal case.  In order to avoid confusion, the government's response to the Rule 41(e) motion will use the same caption and case number as those appearing on the Powell motion

[2]  Anderson has not filed a Rule 41(e) motion.

MEMORANDUM IN SUPPORT OF
GOVERNMENT'S RESPONSE TO KIM
POWELL'S RULE 41(e) MOTION FOR
RETURN OF PROPERTY – 2

UNITED STATES DEPARTMENT OF JUSTICE
CRIMINAL DIVISION
ORGANIZED CRIME AND RACKETEERING SECTION
1110 THIRD AVENUE
SEATTLE  WASHINGTON 98101
(206) 262-2077

1  interstate transportation of funds obtained by fraud, 18 U.S.C. §§ 2314 & 2; false

2  statements, in violation of 18 U.S.C. §§ 1001 & 2; and wire fraud in violation of 18

3  U.S.C. §§ 1343 & 2. It appears from the government's file in the case that as part of the

4  discovery in that case, Powell received a set of compact disks with digital images of all of

5  the documents that the FAA had seized.

6       On June 28, 2001, Powell and Anderson settled a civil lawsuit between them

7  involving Intrex and the helicopter. The settlement called for Anderson to relinquish all

8  interest in Intrex in exchange for his receipt of all right and title to the helicopter,

9  manuals, log books, maintenance and repair records, "and other property incidental to the

10  Helicopter." Powell signed a Bill of Sale attempting to effect the transfer of the above-

11  described property to Anderson. (Exhibit A). Powell also signed a letter, dated June 28,

12  2001, instructing and authorizing the FAA, which still had possession of the seized

13  property, to return the property described in the Bill of Sale to Anderson even if it had

14  been seized from Powell. (Exhibit B)  But, because of the imprecise wording of the

15  Powell/Anderson settlement and the bill of sale, it was not clear exactly what property

16  seized from Powell fell within the scope of the settlement.

17       On June 29, 2001, the Federal District Court for the Western District of

18  Washington granted a government motion to dismiss all charges against Powell and

19  Anderson. (The government earlier had settled the cases against the other two

20  defendants.) On the same date, Intrex pleaded guilty to a one-count misdemeanor

21  alleging a breach of FAA regulations, in violation of 49 U.S.C. § 46316(a). The corporate

22  guilty plea included a written statement of facts supporting the plea, which Powell signed

23  on behalf of Intrex. (Exhibit C). The factual statement included the admission that

24  Powell and Anderson knowingly and willfully violated an FAA regulation by agreeing to

25  create, subsequently creating, and causing to be created false entries in an aircraft log

26  book and engine log book. (Anderson was not party to the plea agreement )

27       On the same day as the guilty plea, June 29, 2001, Anderson's attorney sent a

28

MEMORANDUM IN SUPPORT OF
GOVERNMENT'S RESPONSE TO KIM
POWELL'S RULE 41(e) MOTION FOR
RETURN OF PROPERTY – 3

UNITED STATES DEPARTMENT OF JUSTICE
CRIMINAL DIVISION
ORGANIZED CRIME AND RACKETEERING SECTION
1110 THIRD AVENUE
SEATTLE WASHINGTON 98101
(206) 262-2077

1   letter to AUSA Wales seeking to have the government permit Anderson to take
2   possession of the property described in the Bill of Sale, including the helicopter and the
3   records related to the helicopter, such as manuals, log books, maintenance, and repair
4   records. (Exhibit D).

5        On July 2, 2001, AUSA Wales sent a letter to Anderson's attorney agreeing to
6   permit Anderson to take possession of the helicopter. With respect to "the
7   documentation relating to the helicopter" that the FAA had seized from Powell, however,
8   AUSA Wales wrote that the government would first make it available to Powell for his
9   inspection. AUSA Wales further noted that he would release the requested
10  documentation to Anderson only if Powell first confirmed that it was subject to Powell's
11  June 28, 2001 letter or the Bill of Sale. (Exhibit E).

12       On July 5, 2001, Anderson's attorney wrote a letter to AUSA Wales stating that
13  "[i]t is important to Jim Anderson, for reasons we hope you will understand, that Kim
14  Powell not be left alone with any documents pertaining to the past business of Intrex or
15  the helicopter itself." The attorney proposed a joint inspection of the documents to
16  determine if they were covered by the Bill of Sale. (Exhibit F).

17       On July 10, 2001, AUSAs Wales and Robert Westinghouse responded to the July 5
18  letter and rejected Anderson's attorney's proposal. They wrote that "we have now re-
19  evaluated how we should proceed with respect to the release of property . . . . We will
20  release property held in evidence to the party from whom it was originally seized." The
21  prosecutors wrote that "[o]nce the evidence is released, how the party receiving it
22  proceeds vis-a-vis other claimants to the property appears to us to be a civil matter – one
23  in which, judging from your July 5 letter, we do not wish to become embroiled. . . ."
24  (Exhibit G).

25       On July 12, 2001, Anderson's attorney responded to the July 10 letter  He
26  described the "procedure outlined your letter" as "unacceptable" and claimed that
27  Anderson "fears that substantial damage will happen if you return the documents that he

28

MEMORANDUM IN SUPPORT OF
GOVERNMENT'S RESPONSE TO KIM
POWELL'S RULE 41(e) MOTION FOR
RETURN OF PROPERTY – 4

UNITED STATES DEPARTMENT OF JUSTICE
CRIMINAL DIVISION
ORGANIZED CRIME AND RACKETEERING SECTION
1110 THIRD AVENUE
SEATTLE, WASHINGTON 98101
(206) 262-2077

1  is entitled to possess to Kim Powell, contrary to the joint instructions of the parties." The
2  letter further alleged that "[t]he financial damage could be substantial, and your
3  neglectful disrespect for the parties' joint written instructions could lead to far more
4  complicated issues . . . ." (Exhibit H).

5     On August 6, 2001, Anderson's attorney sent a letter to Powell's attorney and
6  AUSAs Wales and Westinghouse asking that the government maintain possession of the
7  helicopter records "until Mr. Powell determines to cooperate with us." The letter noted
8  that "[w]e have not had any luck getting someone on behalf of Kim Powell to cooperate
9  with us in working out a simple procedure for inspection and delivery of records to Mr
10  Anderson that are called for by the Powell/Anderson Settlement Agreement." (Exhibit I).

11     On October 11, 2001, AUSA Wales was shot while inside his home. He died early
12  the following morning. The Federal Bureau of Investigation ["FBI"], the Seattle Police
13  Department, the United States Department of Justice ["DOJ"], and the King County
14  Prosecuting Attorney's Office began a joint investigation of the murder. The DOJ
15  determined that the United States Attorney's Office for the Western District of
16  Washington should be recused from the criminal investigation. Shortly thereafter, a
17  federal grand jury began to investigate the murder. The grand jury's investigation is
18  ongoing.

19     Beginning in March 6, 2002, attorneys representing Anderson and Powell sent
20  correspondence to AUSAs Westinghouse and Peter Mueller seeking to recover the seized
21  property.[3] Because of the DOJ recusal directive, neither Westinghouse nor Mueller were
22  involved in or knowledgeable about the criminal investigation of the Wales murder.

23     On May 20, 2002, Special Assistant United States Attorney ["SAUSA"]Steven
24  Clymer, who had recently been assigned to the murder investigation, sent a letter to

25
26
27
28

---

[3] AUSA Mueller was assigned to Hyde Amendment litigation that Anderson had initiated

MEMORANDUM IN SUPPORT OF
GOVERNMENT'S RESPONSE TO KIM
POWELL'S RULE 41(e) MOTION FOR
RETURN OF PROPERTY – 5

UNITED STATES DEPARTMENT OF JUSTICE
CRIMINAL DIVISION
ORGANIZED CRIME AND RACKETEERING SECTION
1110 THIRD AVENUE
SEATTLE, WASHINGTON 98101
(206) 262-2077

1  counsel for Powell and Anderson.[4] The letter confirmed information that SAUSA

2  Clymer had related to Anderson's attorney orally: that the government would not return

3  the seized property until it had an opportunity to determine whether it was relevant to the

4  Wales murder investigation  (Exhibit J).

5       On May 30, 2002, a federal grand jury issued a subpoena *duces tecum* to the Federal

6  Aviation Administration ["FAA"] demanding production of the "documents, records,

7  property, and physical evidence" that the FAA had seized from Powell and Anderson's

8  residences during the April 1997 execution of search warrants.[5]  (Exhibit K). The FAA

9  produced the subpoenaed evidence.  The FBI has custody of that evidence.

10      Since May 30, 2002, government counsel has had several telephone conversations

11  with counsel for Powell regarding the seized property.  Because of the volume of the seized

12  evidence, government counsel has suggested that Powell identify those portions of the

13  seized evidence that he would like to have returned in order to expedite release of at least

14  some of the property.  Through counsel, defendant Powell rejected this suggestion.[6]

15      On January 28, 2003, government counsel sent a letter to the attorneys for Powell

16

17  _____

18  [4] At that time, government counsel believed that attorney Carlton F Gunn was representing

19  Powell  At some point, attorney Frank Smith began to represent Powell  AUSA Mueller forwarded the
    Clymer letter to Mr Smith  Later, attorney James L Vonasch began to represent Powell

20  [5] Because of the secrecy requirements of Rule 6(e) of the Federal Rules of Criminal Procedure,
    government counsel previously has not disclosed to Powell's attorney the fact that a grand jury had

21  subpoenaed the seized evidence  Thus, Powell's failure to account for the grand jury subpoena in his Rule

22  41 motion papers is not a deliberate or negligent oversight.  Disclosure of the existence of the subpoena in
    this pleading was authorized by court order

23
    [6] As part of his motion, Powell alleges that his inability to recover the seized "property has caused

24  substantial harm to both myself and my wife "  He then claims, without further explanation or factual

25  support, that the government's possession of his wife's documents caused her to lose property regarding
    litigation in Texas  [Declaration of Kim Powell in Support of Rule 41(e) Motion at 1-2]  In fact, as a

26  April 16, 2002 letter from AUSA Mueller to one of Powell's attorneys makes clear, "[e]fforts were
    previously made [by an FAA investigator] to return [documents belonging to Powell's wife] through

27  attorney Frank Smith [who represented Powell], however, Mr. Smith never followed through to arrange

28  to pick up the items  (Exhibit L)

MEMORANDUM IN SUPPORT OF
GOVERNMENT'S RESPONSE TO KIM
POWELL'S RULE 41(e) MOTION FOR
RETURN OF PROPERTY – 6

UNITED STATES DEPARTMENT OF JUSTICE
CRIMINAL DIVISION
ORGANIZED CRIME AND RACKETEERING SECTION
1110 THIRD AVENUE
SEATTLE, WASHINGTON 98101
(206) 262-2077

1 and Anderson explaining that it was prepared to release some of the property that had
2 been seized from Powell's residence but that it would require agreement between Powell
3 and Anderson before deciding which of them could take possession of the property.
4 (Exhibit M). On January 31, 2003, the FBI turned over some of the property seized from
5 Powell to the FAA so that Powell and Anderson could view it and attempt to reach
6 agreement about its ownership.

7 The above-described chronology of events demonstrates the following For the
8 time that the FAA seized the property from Powell in April 1997 until the government
9 dismissed charges against Powell and Anderson in June 2001, the government properly
10 retained possession of the property as potential evidence in a pending criminal case After
11 completion of the case, the uncertainty surrounding the ownership of the property delayed
12 its release. From the time of the Wales murder until the end of May 2002, the
13 government properly retained possession in order to determine if the seized property had
14 potential evidentiary value. Since May 30, 2002, the FBI has properly retained possession
15 of the seized property on behalf of the grand jury.

16 ### III

17 ### CONTROLLING AUTHORITY

18 **A.  Rule 41(e) of the Federal Rules of Criminal Procedure**

19 Rule 41(e) of the Federal Rules of Criminal Procedure provides in pertinent part.

20 A person aggrieved . . by the deprivation of property may move the district
21 court for the district in which the property was seized for the return of the
   property on the ground that such person is entitled to lawful possession of
22 the property. The court shall receive evidence on any issue of fact necessary
   to the decision of the motion.

23 Although non-contraband seized property that has not been forfeited normally
24 should be returned upon resolution of a criminal case, "[a] defendant's Rule 41(e) motion
25 for return of property . . . may be denied if the defendant is not entitled to lawful
26 possession of the seized property, the property is contraband or subject to forfeiture, or the
27 government's need for the property as evidence continues." *United States v  Van*

28

MEMORANDUM IN SUPPORT OF
GOVERNMENT'S RESPONSE TO KIM
POWELL'S RULE 41(e) MOTION FOR
RETURN OF PROPERTY – 7

UNITED STATES DEPARTMENT OF JUSTICE
CRIMINAL DIVISION
ORGANIZED CRIME AND RACKETEERING SECTION
1110 THIRD AVENUE
SEATTLE  WASHINGTON 98101
(206) 262-2077

1    *Cauwenberghe*, 934 F.2d 1048, 1060-61 (9th Cir. 1991). Here, although the government is
2    relying only on the latter two exceptions, all three of the above-described exceptions to
3    the general rule apply. First, because of the ambiguity in the agreement between Powell
4    and Anderson, as well as the lack of resolution between them, it is not clear whether
5    Powell, as opposed to Anderson, is the lawful owner of some of the property that Powell
6    seeks to recover. Second, and more significantly, as Powell admitted when he signed the
7    Intrex guilty plea, some of the seized property, such as the forged helicopter logbooks and
8    related material, is fraudulent and therefore contraband that should not be returned.
9    Third, and most importantly, the government has a compelling continued need for the
10   portions of the seized property that it has not returned as potential evidence in the Wales
11   murder investigation.

12   In his declaration, Powell asserts that "[i]f the Government feels there is something
13   necessary [in the seized property] for the ongoing investigation, a hearing is requested to
14   determine the reasonableness of that request." [Declaration of Kim Powell in Support of
15   Rule 41(e) Motion at 3]. Powell cites to no authority supporting his view that the
16   government should be required to justify, in open court, its reasons for retention of
17   evidence in an ongoing murder investigation  Even if there were some merit to this
18   position when the only legal basis for the government's retention of property is a search
19   warrant, here there is an independent basis for the government's possession of the
20   property – the May 30, 2002 grand jury subpoena. The fact that the grand jury has
21   subpoenaed the property forecloses both the return of all of the seized property and a
22   hearing in open court into the reasonableness of the grand jury's investigative conduct.
23   Such a procedure could jeopardize the investigation.

24   **B.    The Grand Jury's Subpoena for the Documents**

25   The Ninth Circuit has recognized that the grand jury is entitled to "wide latitude
26   to inquire into violations of criminal law." *In Re Grand Jury Subpoena Dated June 5, 1985*,
27   825 F.2d 231, 236 (9th Cir. 1985)(*citing United States v  Calandra*, 414 U.S. 338, 343

28

MEMORANDUM IN SUPPORT OF
GOVERNMENT'S RESPONSE TO KIM
POWELL'S RULE 41(e) MOTION FOR
RETURN OF PROPERTY – 8

UNITED STATES DEPARTMENT OF JUSTICE
CRIMINAL DIVISION
ORGANIZED CRIME AND RACKETEERING SECTION
1110 THIRD AVENUE
SEATTLE, WASHINGTON 98101
(206) 262-2077

(1974). Thus

> [t]he grand jury may compel production of evidence as it considers appropriate, its scope is not to be narrowly circumscribed. The law vests the grand jury with substantial powers because its "investigative power must be broad if its public responsibility is adequately to be discharged."

*Id.* (citations omitted).

By demanding the return of property that a grand jury has subpoenaed, Powell's Rule 41(e) motion is the functional equivalent of an *ex post facto* motion to quash. As such, the Powell motion clearly falls short of the stringent requirements necessary to frustrate a grand jury investigation. The Supreme Court has held that:

> [T]he law presumes, absent a strong showing to the contrary, that a grand jury acts within the legitimate scope of its authority *See United States v Mechanik*, 475 U.S. 66, 75 (1986) (O'Connor, J., concurring in judgment) ("The grand jury proceeding is accorded a presumption of regularity, which generally may be dispelled only upon particularized proof of irregularities in the grand jury process"). [Additional citations omitted]. Consequently, a grand jury subpoena issued through normal channels is presumed to be reasonable, and the burden of showing unreasonableness must be on the recipient who seeks to avoid compliance.

*United States v. R. Enterprises, Inc.*, 498 U.S. 292, 300-01 (1991).

Although federal district courts do have "limited supervisory power over grand jury proceedings, including the power to quash a grand jury subpoena," the separation of powers doctrine requires that they use "great caution" when deciding whether to exercise that power. *In Re Chinske*, 785 F.Supp. 130, 131-32 (D. Mont. 1991). Thus, the Ninth Circuit has recognized that the government need not submit an affidavit disclaiming a subpoenaed party's claims made in support of his refusal to comply with the subpoena. *See, e g., In Re Hergenroeder*, 555 F.2d 686 (9th Cir. 1977) (affirming contempt judgment without need for government affidavit establishing legitimate purpose for subpoena demanding handwriting exemplars); *see also In Re Grand Jury Proceedings (Garcia-Rossell)*, 889 F.2d 220, 223 (9th Cir. 1989) (rejecting need for government affidavit when party challenging grand jury subpoena presented no evidence of improper purpose). Under such circumstances, an affidavit from a government witness "describing the grand jury

MEMORANDUM IN SUPPORT OF
GOVERNMENT'S RESPONSE TO KIM
POWELL'S RULE 41(e) MOTION FOR
RETURN OF PROPERTY – 9

UNITED STATES DEPARTMENT OF JUSTICE
CRIMINAL DIVISION
ORGANIZED CRIME AND RACKETEERING SECTION
1110 THIRD AVENUE
SEATTLE, WASHINGTON 98101
(206) 262-2077

investigation in general terms" is sufficient to require compliance with a subpoena. *In Re Chinske*, 785 F.Supp. at 132; *In Re Grand Jury Subpoena (Seiffert)*, 446 F.Supp 1153, 1155 n.5 (N.D.N.Y. 1978) (general affidavit sufficient).

Here, Powell has made no showing that the government's retention of the seized property on behalf of the grand jury is unreasonable. Without a showing of unreasonableness, Powell should not be permitted to deny the grand jury evidence that it has subpoenaed or force the grand jury or the government to disclose the details of an ongoing murder investigation in order to justify the subpoena.[7]

# IV
## CONCLUSION

For the reasons given above, the government respectfully requests that the Court deny the Powell Rule 41(e) motion for return of property.

---

[7] If the Court deems it necessary, government counsel can explain the reasons for continued retention of the seized evidence to the Court *ex parte*.

MEMORANDUM IN SUPPORT OF
GOVERNMENT'S RESPONSE TO KIM
POWELL'S RULE 41(e) MOTION FOR
RETURN OF PROPERTY – 10

UNITED STATES DEPARTMENT OF JUSTICE
CRIMINAL DIVISION
ORGANIZED CRIME AND RACKETEERING SECTION
1110 THIRD AVENUE
SEATTLE, WASHINGTON 98101
(206) 262-2077

# EXHIBIT A

## BILL OF SALE

In consideration of rescission of the Stock Issuance Agreement of November 4, 1992, and of shareholders agreement dated October 6, 1992, among James H. Anderson ("Anderson") and Kim S. Powell ("Powell") and Intrex Helicopter, Inc. ("Intrex"), a Washington corporation pursuant to Settlement Agreement dated June 28, 2001, Intrex hereby grants, assigns, conveys, and transfers to Anderson all right, title, and interest of Intrex in the following property of Intrex:

01.    The model 204B Helicopter formerly registered with the FAA under registration number N1187W, and having borne serial number 2041 (the "Helicopter"), together with all spare parts, accessories, avionics, navigation and communication equipment, keys certificates, data plates, licenses and other property incidental to the Helicopter, all of which is in the possession of the United States of America ("U.S.A.") pursuant to the seizure of such property by the U.S.A.

02     All manuals, log books, maintenance and repair records, STC's, Form 337's, records for parts purchases and sales, yellow tags, other parts tags and records, Bell service manuals, service bulletins, operation manuals, and all other documentation possessed by the U.S.A. pursuant to a seizure of Intrex records with respect to the construction, rebuild, repair, maintenance, operation, storage, and history of the Helicopter.

03.    All rights of action possessed by Intrex against third parties other than Powell

ADDENDUM 1
TO SETTLEMENT AGREEMENT          1

for damage to the Helicopter, or conversion of parts from the Helicopter. This specifically includes the assignment, without warranty, to Anderson of any claim by Intrex against the FAA and/or government agents involved in its seizure, transportation and storage of the Helicopter by the government and/or such agents of the government. This does not include the assignment to Anderson of any rights of Intrex to claim against the government or others for damages to the business and contractual rights of Intrex.

04.     This Bill of Sale conveys the property described above in an as is, where is condition, with all faults. Intrex makes no warranties of any kind, express or implied and disclaims all such warranties. This is not a consumer transaction and Intrex disclaims all liability for any claims relating to commercial or consumer law, and Anderson accepts the property described above in its as is, where is condition. Intrex shall instruct the U.S.A. to deliver possession of the Helicopter and other property listed above which may be in the possession of the U.S.A. to Anderson.

05.     Intrex represents that it knows that there is a claim against Intrex because of a lien a mechanic (recorded in Whatcom County) and a claim against the engine. Intrex has no actual knowledge of recorded or un-expired leases or third party ownership claims against the property conveyed hereby arising prior to the date hereof. Intrex represents that other than property taken from the Helicopter at or about the time of seizure by Chet Rasberry, that to the best of its knowledge and belief, all property of Intrex relating to the Helicopter and its documentation was seized by the U S.A. and is in the possession of the U.S.A. Any claim

ADDENDUM 1
TO SETTLEMENT AGREEMENT                 2

claim for breach of these representations shall not result in personal liability to Kim Powell, except in the case of fraud.

Dated and signed this __2 8__ day of June, 2001.

_____
Kim S. Powell, President
Intrex Helicopter, Inc.

STATE OF WASHINGTON )
) ss.
COUNTY OF KING )

I certify that I know or have satisfactory evidence that Kim S. Powell is the person who appeared before me, said person acknowledged that he signed this instrument, on oath stated that he is authorized to execute said instrument, and acknowledged it as a Bill of Sale of Intrex Helicopter, Inc. to be the free and voluntary act of such party for the uses and purposes mentioned in this instrument.

DATED _June 28, 2001_ .

_____
Karen A. Crawford
Notary Public in and for the State of
Washington, residing in _____
My commission expires on _7/19/02_

ADDENDUM 1
TO SETTLEMENT AGREEMENT                3

# EXHIBIT B

June 28, 2001

To Whom It May Concern
United States of America
c/o Thomas Wales, Assistant U.S. Attorney
601 Union Street, #5100
Seattle, WA  98101-3903

                    Re·    Property of Intrex Helicopter, Inc. in Possession of United States
                           of America Pursuant to Search and Seizure

Gentlemen:

        This is to inform you that effective as of 5·00 p.m. on June 28, 2001 Intrex
Helicopter, Inc. conveyed the helicopter formerly registered with the Federal Aviation
Administration under N1187W together with all property of Intrex in your possession
relating to the helicopter, as documented on the attached and enclosed Bill of Sale, to
James Anderson.

        This is further to instruct you to tender delivery of possession of all such
property direct to Mr. Anderson.  If there is any doubt, this also is to inform you that
Mr. Anderson is authorized to obtain possession of all such property and to sign such
receipts or other documentation as may be required incidental to the tender of
possession of such property to him.

        Please immediately inform Mr. Anderson of all procedural steps necessary for
him to obtain possession of the property conveyed to him by Intrex.

        Thank you

                                    Very truly yours,

                                    INTREX HELICOPTER, INC.

                            By     Kim S/M Powell

                                    Kim S. Powell, President

g \users\lxs\anderson\intrex\corresp\usa628 doc

# EXHIBIT C

JUDGE LASNIK

____ FILED          ____ ENTERED
____ LODGED         ____ RECEIVED

JUN 29 2001

AT SEATTLE
CLERK U S DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

CR 01-00249 #00000003

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

UNITED STATES OF AMERICA, )
                      Plaintiff, )
                             )    № CR01–249L
              v.          )
                             )    PLEA AGREEMENT
INTREX HELICOPTERS, INC., )
               Defendant. )

COME NOW the Plaintiff, United States of America (the "United States" or "Government"), by and through its counsel, Francis J Diskin, United States Attorney for the Western District of Washington, and Thomas C. Wales and Robert Westinghouse, Assistant United States Attorneys for the District, and the defendant, INTREX HELICOPTERS, INC., and its counsel, Margaret M Smith and Carlton F. Gunn, (collectively, the "Parties") and enter into the following Plea Agreement pursuant to Rule 11(e) of the Federal Rules of Criminal Procedure (the "Plea Agreement" or "Agreement")

    *1. The Charges* —INTREX HELICOPTERS, INC., agrees to plead guilty to a one-count Information charging a violation of Title 49, United States Code, Section 46316(a). By entering this plea of guilty, INTREX HELICOPTERS, INC, hereby waives any and all objections to the filed charges predicated on the form of the charging Information.

    *2. Maximum Penalty, Crime Victims Fund, Sentencing Guidelines*—INTREX HELICOPTERS, INC, understands that the maximum penalty that the Court may impose upon its

UNITED STATES ATTORNEY
601 Union Street, Suite 5100
Seattle Washington 98101-3903
(206) 553-7970

1  plea of guilty is a period of probation of ONE (1) YEAR and a fine not to exceed TEN

2  THOUSAND DOLLARS ($10,000), together with a mandatory penalty assessment of FIVE

3  DOLLARS ($5) to be deposited into the Crime Victims Fund pursuant to Title 18, United States

4  Code, Section 3013, INTREX HELICOPTERS, INC., agrees to pay the special assessment

5  immediately prior to sentencing.  INTREX HELICOPTERS, INC., understands that the sentencing

6  guidelines promulgated by the United States Sentencing Commission are not applicable to this

7  case, *see* U.S.S.G. § 1B1 9, and that the Court may order restitution to any victim of the offense.

8  INTREX HELICOPTERS, INC., acknowledges that no one has promised or guaranteed what sentence

9  the Court will impose, and it understands that it may not withdraw its guilty plea solely because

10  of the sentence imposed by the Court.

11      *3  Rights Waived by Pleading Guilty.*—INTREX HELICOPTERS, INC., understands and

12  acknowledges that, by pleading guilty, it knowingly and voluntarily waives the following rights:

13          (a)     The right to plead not guilty, and to persist in a plea of not guilty;

14          (b)     The right to be presumed innocent until guilt has been established at trial,
                    beyond a reasonable doubt;

15
16          (c)     The right to trial, and at that trial, the right to the effective assistance of
                    counsel,

17          (d)     The right to confront and cross-examine witnesses against it;

18          (e)     The right to compel or subpoena witnesses to appear on its behalf;

19          (f)     The right to appeal a finding of guilty or any pretrial rulings.

20      *4  Storage Costs.*—INTREX HELICOPTERS, INC., agrees to be responsible for storage costs

21  incurred by the Federal Aviation Administration ("FAA"), in the amount of $28,405 for the cost

22  of storing the helicopter bearing Serial No  2041 and Registration No. N1187W (the

23  "Helicopter") from the date of its seizure to the present.

24      *5  Facts Underlying Guilty Plea.*— INTREX HELICOPTERS, INC., and the United States

25  stipulate to the following facts underlying INTREX HELICOPTERS, INC.,'s guilty plea:

26          At all times material herein, INTREX HELICOPTERS, INC., was a corporate entity
            proposed and created by JAMES HOUSTON ANDERSON and owned equally by KIM
27          STAFFORD POWELL and JAMES HOUSTON ANDERSON.  INTREX HELICOPTERS, INC., was
            incorporated under the laws of the State of Washington.  KIM STAFFORD POWELL was a
28          broker of used aircraft parts   KIM STAFFORD POWELL was also an officer and the first
            president of INTREX HELICOPTERS, INC., located in Bellingham, Washington.

PLEA AGREEMENT/INTREX HELICOPTERS, INC — 2

1    At all times material herein, JAMES HOUSTON ANDERSON was a commercial airline pilot and an officer of and, initially, secretary and, later, president of INTREX
2    HELICOPTERS, INC.

3    At a time unknown but sometime between April 30, 1996, and June 30, 1996, KIM STAFFORD POWELL and JAMES HOUSTON ANDERSON, officers of and acting on behalf of
4    INTREX HELICOPTERS, INC., met with each other, and Ricky Boatright, and, at this meeting, knowingly and willfully violated an FAA regulation by agreeing to create, and
5    subsequently creating, and causing to be created, certain false entries in an aircraft log book and engine log book for a helicopter that they had previously assembled, at least in
6    part, from spare and surplus military parts and that they had previously registered with the FAA under Registration No. N1187W. The falsified log book entries bore the dated
7    signature of the mechanic who purportedly did the work reflected in each of the entries; many of these signatures purported to be signatures of Kenneth E. Karateew, an FAA-
8    certified mechanic living in the Bellingham, Washington, area—a number of them dated well after May 6, 1994, the date on which Kenneth E. Karateew was killed in an airplane
9    crash.

10    These logbooks were then presented to and used by an FAA certified repair station inspector to complete a 100 hour and an annual inspection, which are required by FAA
11    regulations in order to maintain a helicopter's continued airworthiness.

12    6  *Waiver of Statute of Limitations as to Information.*—INTREX HELICOPTERS, INC.,

13    having been advised of the nature of the charge and of its rights; having been expressly advised

14    that the statute of limitations set forth in Section 3282 of Title 18 of the Untied States Code for

15    violation of Title 49, United States Code, Section 46316(a) is five (5) years from the date of the

16    occurrence of the alleged violation; and having been expressly advised that it could not be

17    prosecuted for any such offense that occurred more than five (5) years before the date of the

18    Information absent its express agreement to waive the statute of limitations, or operation of law

19    unrelated to its express agreement, INTREX HELICOPTERS, INC., knowingly and intelligently

20    waives its right to bar prosecution for the violation alleged in the Information.

21    7  *Additional Charges, Breach and Waiver.*—The United States agrees not to bring any

22    additional charges against INTREX HELICOPTERS, INC , or Kim Stafford Powell in the Western

23    District of Washington, based on evidence in the Government's possession at the time of this

24    Agreement and arising out of or relating to the charges contained in the Indictment and subject

25    to the provisions of paragraph 10 below, unless INTREX HELICOPTERS, INC., breaches this Plea

26    Agreement  In this regard, INTREX HELICOPTERS, INC , recognizes that the United States has

27    agreed not to bring additional criminal charges in this District solely because of this Agreement

28    and that if this Agreement is breached, the United States expressly retains the right to present to

PLEA AGREEMENT/INTREX HELICOPTERS, INC — 3

UNITED STATES ATTORNEY
601 Union Street, Suite 5100
Seattle, Washington 98101-3903
(206) 553-7970

1  the Grand Jury for indictment all the criminal violations established by the evidence. INTREX

2  HELICOPTERS, INC., expressly waives its right to challenge the initiation of additional charges

3  against it arising out of the conduct described above, if it breaches this Plea Agreement.

4      *8   Agreement to Halt Certification Efforts, Restrictions on Future Business Activities —*

5  INTREX HELICOPTERS, INC , agrees to immediately and permanently cease all efforts to obtain

6  FAA certification as a civilian Bell Model 204B of the helicopter presently bearing Registration

7  No. N1187W and Serial Number 2041 (the "Helicopter"). INTREX HELICOPTERS, INC., further

8  agrees it will not oppose removal of  the aircraft data plate and the fuselage component data

9  plate from the Helicopter and the surrender of them to the FAA.

10     INTREX HELICOPTERS, INC., agrees it will not in the future engage in the business of

11  acquiring/operating/brokering Bell Model 204B helicopters that have been substantially

12  destroyed, significantly damaged, or are otherwise defective to such a degree as to be ineligible

13  for a standard airworthiness certificate for the purpose of rebuilding, reassembling, or obtaining

14  certification or a standard airworthiness certificate for such aircraft.  The Parties do not intend by

15  these restrictions to prevent INTREX HELICOPTERS, INC., from acquiring/operating/brokering an

16  intact and operational Model 204B that has a valid standard airworthiness certificate or from

17  performing the ordinary and necessary maintenance and repair that does not reach the level of

18  rebuilding an aircraft, or from brokering genuine Bell Model 204B parts.

19      *9   Release of Claims, Release of Helicopter* —The United States agrees to release all

20  possessory and monetary claims against the Helicopter.  INTREX HELICOPTERS, INC., hereby

21  authorizes the United States to release the Helicopter to James Houston Anderson; the United

22  States agrees to do so promptly following sentencing.

23      *10   Charges Against INTREX HELICOPTER, INC., Officer Kim Stafford Powell.*—The

24  United States agrees to dismiss the present charges against Kim Stafford Powell at the time of

25  sentencing and will pursue no further charges against him in the Western District of Washington

26  based upon the evidence in its possession at the time of this Agreement and arising out of or

27  relating to the charges contained in the Indictment, provided that (1) INTREX HELICOPTER, INC.,

28  does not breach this Agreement; and (2) Kim Stafford Powell refrains, either directly or through

PLEA AGREEMENT/INTREX HELICOPTERS, INC — 4

1  any entity over which he exercises control, from engaging in activity that would violate the

2  restrictions set forth in paragraph 8 if the activity were engaged in by INTREX HELICOPTER, INC

3      *11   Statute of Limitations, Waiver in Event of Breach* —In the event that this Plea

4  Agreement is not accepted by the Court for any reason, or INTREX HELICOPTERS, INC., breaches

5  any term of this Agreement, the statute of limitations shall be deemed to have been tolled from

6  the date of this Plea Agreement (1) to the thirtieth day following the date of non-acceptance of

7  the Plea Agreement by the Court, or (2) to the thirtieth day following the date of the breach of

8  the Plea Agreement by INTREX HELICOPTERS, INC.

9      *12   Right to Speak at Sentencing, Provide Facts to Court.*— The Parties expressly

10  reserve the right to speak to the Court at the time of sentencing pursuant to Rule 32(c)(1) of the

11  Federal Rules of Criminal Procedure.  The United States further reserves the right to provide to

12  the Court, to the United States Probation Office, and to the defendant a statement of facts

13  relating to all the criminal conduct for which INTREX HELICOPTERS, INC., was responsible; the

14  Parties reserve the right to correct and comment on any misstatements of fact made in the course

15  of the presentence investigation or in the course of the sentencing or other proceedings.

16      *13.   Good Behavior.*—INTREX HELICOPTERS, INC., agrees to obey all local, state, and

17  Federal laws between the time of pleading and sentencing, and to serve any sentence imposed by

18  the Court.

19      *14   Voluntariness of Plea.*—INTREX·HELICOPTERS, INC., acknowledges that it has entered

20  this Plea Agreement freely and voluntarily, and that no threats or promises, other than the

21  promises contained in this Agreement, were made to induce it to enter this plea of guilty.

22  /

23  /

24  /

25  /

26  /

27  /

28  /

PLEA AGREEMENT/INTREX HELICOPTERS, INC — 5

1    *15  Complete Agreement* —The United States and INTREX HELICOPTERS, INC.,

2    acknowledge that the terms and conditions set forth above constitute the entire Plea Agreement

3    between the Parties and deny the existence of any other terms and conditions not stated herein.

4         DATED this _29th_ day of _____June_____, 2001.

5

6    _Kim Stafford Powell_

7    INTREX HELICOPTERS, INC.
     Defendant, by Kim Stafford Powell,
8    its authorized officer

9

10   _Margaret M. Smith_

11   MARGARET M. SMITH
     Attorney for Defendant INTREX
     HELICOPTERS, INC.

12

13   _Carlton F. Gunn_

14   CARLTON F. GUNN
     Attorney for Defendant INTREX
15   HELICOPTERS, INC

16

17   KIM STAFFORD POWELL, Personally

18

19   _Margaret M. Smith_

20   MARGARET M. SMITH
     Attorney for Kim Stafford Powell

21

22

23

24

25

26

27

28


CARLTON F. GUNN
Attorney for Kim Stafford Powell


THOMAS C. WALES
Assistant United States Attorney


ROBERT WESTINGHOUSE
Assistant United States Attorney

UNITED STATES ATTORNEY
601 Union Street, Suite 5100
Seattle, Washington 98101-3903
(206) 553-7970

# EXHIBIT D

*Law Offices*
# HELSELL
# FETTERMAN
*A Limited Liability Partnership*

June 29, 2001

Larry Setchell
*Attorney At Law*
EMAIL  lsetchell@helsell.com
DIRECT DIAL  206-689-2171

Thomas C. Wales
Assistant United States Attorney
United States Attorney's Office
601 Union Street, #5100
Seattle, WA  98101-3903

**COPY RECEIVED**

JUN 2 ɔ 2001
UNITED STATES ATTORNE,
SEATTLE WASHINGTON

Re:    In Re Anderson, Powell, and Intrex

Dear Tom·

        This is to notify you and the United States that Jim Anderson now owns the
helicopter formerly registered as N1187W, together with all of its documentation,
parts, log books, and other associated property in the possession of the United States
of America.

        Enclosed herewith please find a letter of authority from Intrex, signed by Kim
Powell, together with a copy of the bill of sale conveying the helicopter and its
associated parts and documentation to Mr. Anderson.

        Please call me at your earliest convenience to discuss how Mr. Anderson may
promptly arrange to take possession of the helicopter and the other property belonging
to him which is in the possession of the United States.

        Thank you.

                                Very truly yours,

                                HELSELL FETTERMAN LLP

                                *Larry Setchell, LTM*
                                By

                                        Larry Setchell

LXS.ltm
Enclosure
cc      Jim Anderson

g \users\lxs\anderson\intrex\corresp\wales629 doc

# EXHIBIT E



**U.S. Depart~ nt of Justice**

United States Attorney
Western District of Washington

---

*Please reply to*
*Thomas C. Wales*
*Assistant United States Attorney*
*Direct Line  (206) 553-4495*

601 Union Street, Suite 5100        Tel  (206) 553-7970
Seattle, Washington 98101-3903     FAX  (206) 553-0882

July 2, 2001

RECEIVED

JUL 03 2001

HELSELL FETTERMAN LLP

Larry Setchell, Esq.
Helsell Fetterman
1500 Puget Sound Plaza
1325 Fourth Avenue
Seattle, Washington 98101-2509

Re:     Helicopter Bearing Registration No. N1187W

Dear Larry,

I have your letter of June 29, 2001, relating to the helicopter to be returned to you following the Intrex guilty plea, together with your request for all helicopter-related documentation and property belonging to James Anderson. The helicopter is being stored by EG&G Dynatrend at Venable Aircraft Company's facility at Ryan Field in Hemet, California, and may be picked up by Mr. Anderson at his convenience at that location. I have asked the FAA to get me a contact person for you, and will pass that information along as soon as I have it.

We expect that Mr. Anderson's property will be pulled from evidence this week. You may either pick it up at your convenience, or I will make arrangements to deliver it to you.

You have also requested all  documentation relating to the helicopter. Given that most of it was seized from Kim Powell's residence and that some of it is arguably his personal property and not that of Intrex Helicopters, we will pull all of it, and make it available, as an initial matter, for his inspection. As soon as he indicates that it is subject to his letter of June 28, 2001, and/or the Bill of Sale that you have provided us, it will be released to you. As with Mr. Anderson's personal property, we will pull this documentation from evidence this week.

Very truly yours,

FRANCIS J. DISKIN
United States Attorney

THOMAS C. WALES
Assistant United States Attorney

# EXHIBIT F

Law Offices

# HELSELL
## FETTERMAN
A Limited Liability Partnership

July 5, 2001

Larry Setchell
*Attorney At Law*
EMAIL  lsetchell@helsell.com
DIRECT DIAL  206-689-2171

Thomas C. Wales
Assistant United States Attorney
United States Attorney's Office
601 Union Street, #5100
Seattle, WA  98101-3903

Re·   Helicopter Bearing Registration No. N1187W

Dear Tom:

Thank you for your letter of July 2.

It is important to Jim Anderson, for reasons we hope you will understand, that Kim Powell not be left alone with any documents pertaining to the past business of Intrex or the helicopter itself.  We therefore request that you arrange for a joint inspection of the documents in question.  Jim has authorized me to attend that inspection on his behalf if he may be working at the time.  Please let me know when you want us to visit to sort out the documents that go to Jim versus those that may be returned to Mr Powell.  I am certain Mr. Powell and his counsel will agree to this request.

Thank you again

Very truly yours,

HELSELL FETTERMAN LLP

By   *Larry Setchell*

Larry Setchell

LXS:ltm
cc:   Jim Anderson
g \users\lxs\anderson\us\corresp\wales705 doc

# EXHIBIT G

**U.S. Departn   t of Justice**



United States Attorney
Western District of Washington

---

*Please reply to*
*Thomas C  Wales*
*Assistant United States Attorney*
*Direct Line   (206) 553-4495*

*601 Union Street, Suite 5100*          *Tel  (206) 553-7970*
*Seattle, Washington 98101-3903*        *FAX  (206) 553-0882*

July 10, 2001

Larry Setchell, Esq.
Helsell Fetterman
1325 Fourth Avenue, Suite 1500
Seattle, Washington  98101-2509

Re:   *Helicopter Bearing Registration No. N1187W*

Dear Larry,

After having had the agents spend a couple of hours attempting to sift through the
evidence and segregate Intrex-related material from Kim Powell's personal effects, and then
receiving your letter of July 5, we have re-evaluated how we should proceed with respect to the
release of property.  We now intend to follow our standard procedures in such cases.  We will
release property held in evidence to the party from whom it was originally seized.

Once the evidence is released, how the party receiving it proceeds vis-a-vis other
claimants to the property appears to us to be a civil matter—one in which, judging from your July
5 letter, we do not wish to become embroiled, especially where there is no benefit to the
Government in doing so.  In addition, the process of segregating the material has proved to be
very time consuming, and we are reluctant to expend further resources on it for the same reason.

We have made arrangements through the FAA with EG&G Dynatrend for the release of
the helicopter to Mr. Anderson.  You should contact EG&G Dynatrend District Manager Joseph
Salvatore at (206) 575-2998.  He is expecting your call.

Very truly yours,

FRANCIS J. DISKIN
United States Attorney

THOMAS C. WALES
Assistant United States Attorney

ROBERT WESTINGHOUSE
Assistant United States Attorney

# EXHIBIT H



*Law Offices*

# HELSELL
# FETTERMAN

A Limited Liability Partnership

Larry Setchell
*Attorney at Law*
EMAIL  lsetchell@helsell.com
DIRECT DIAL  206-689-2171

July 12, 2001

**BY FAX**

Thomas C Wales
Bob Westinghouse
Assistant United States Attorney
United States Attorney's Office
601 Union Street, #5100
Seattle, WA 98101-3903

                    Re:    Jim Anderson

Gentlemen·

        Thank you for your letter of July 12, concerning the return of records seized from the parties to the recently dismissed indictments." The procedure outlined in your letter is unacceptable, and contrary to the joint written instructions of the parties. Mr Anderson is to receive all documentation relating to the helicopter  Mr Powell is to receive none  Mr Anderson is to receive all parts pertaining to the helicopter  Mr Powell is to receive none

        We suggest that a simple arrangement be made for the parties to get together and sort out the documents so that you are not in the middle.  On behalf of Jim Anderson we are instructed to advise you that he fears that substantial damage will happen if you return the documents that he is now entitled to possess to Kim Powell, contrary to the joint instructions of the parties  The financial damage could be substantial, and your neglectful disrespect for the parties' joint written instructions could lead to far more complicated issues arising than would be the case if we merely agreed to follow the parties' written instructions and arrange for a joint time to appear, sort out, and take custody of the seized records

        Please respond to this today  We may need to seek protection from Judge Lasnik if we are unable to work this out by agreement.

Thomas C Wales
July 12, 2001
Page 2

Thank you

Very truly yours,

HELSELL FETTERMAN LLP

By

Larry Setchell

LXS.ltm

cc· Jim Anderson
    Greg Kosanke

# EXHIBIT I

*Law Offices*

# HELSELL
## FETTERMAN
A Limited Liability Partnership

Larry Setchell
*Attorney at Law*
EMAIL  lsetchell@helsell.com
DIRECT DIAL  206-689-2171

August 6, 2001

Gregory L. Kosanke
Smith & Kosanke
P.O. Box 632
Lynden, WA  98264
United States of America

Margaret Smith
Federal Public Defender
1111 Third Avenue, #1100
Seattle, WA  98101

Thomas C. Wales
Robert Westinghouse
Assistant United States Attorneys
United States Attorney's Office
601 Union Street, #5100
Seattle, WA  98101-3903

*COPY RECEIVED*
*AUG  07  2001*
*UNITED STATES ATTORNEY*
*Seattle, Washington*

Re·    Anderson v. Powell, et al

Dear Counsel

We have not had any luck getting someone on behalf of Kim Powell to cooperate with us in working out a simple procedure for inspection and delivery of records to Mr. Anderson that are called for by the Powell/Anderson Settlement Agreement.

This is to request that the records be held in the custody of the U.S Attorney until Mr Powell determines to cooperate with us, as he is bound to do so by his settlement agreement with Mr. Anderson  We apologize for any inconvenience this may cause the U S Attorney, but under the circumstances we believe it would be neglectful and damaging to Mr Anderson to allow Mr Powell to have access to those records without supervision.

August 6, 2001
Page 2

Thank you

Very truly yours,

HELSELL FETTERMAN LLP

By _Larry Setchell_

Larry Setchell

LXS ltm
cc:    Jim Anderson

g:\users\lxs\anderson\us\corresp\counsel806.doc

# EXHIBIT J



U.S. Department of Justice

**COPY RECEIVED**

United States Attorney
Western District of Washington

MAY 2 1 2002

UNITED STATES ATTORN
Seattle, Washington

Please reply to
STEVEN D CLYMER
Special Assistant United States Attorney
Direct Line (607) 255-3814

1110 Third Avenue, 11th Floor
Seattle Washington 98101-3903
www usdoj gov/usao/waw

Tel  (206) 262-0460
Fax: (206) 262-2329

May 20, 2002

Larry Setchell
Helsell Fetterman
1500 Puget Sound Plaza
1325 Fourth Avenue
Seattle, Washington 98101

Carlton F. Gunn
Assistant Federal Public Defender
1551 Broadway, Suite 501
Tacoma. Washington 98402

        Re:    United States v. James Houston Anderson, et al.
               No. CR00-482L. USDC. W.D Washington

Dear Counsel.

        I am writing in connection with the documents and physical evidence seized from
your clients, James Anderson and Kim Powell, some years ago during the execution of
search warrants in connection with a Federal Aviation Administration investigation  It is
my understanding that Mr. Anderson and Mr. Powell recently have made efforts through
counsel to reacquire possession of the seized property and that there may be some
unresolved issues regarding which of them is entitled to recover some of the property
seized from Mr Powell.

        As I already have explained to Mr Setchell in a telephone conversation, until
federal agents investigating the murder of Assistant United States Attorney Thomas C.
Wales have an opportunity to examine the property, the government cannot either return
it to your clients or permit you or your clients to inspect it. If we determine that any of
the property has no bearing on the criminal investigation. we will release it so that
Assistant United States Attorney Peter O Mueller can arrange for it to be returned as he
sees fit.

Larry Setchell
Carlton F Cunn
Re: U.S. v. Anderson, et al
May 20, 2002
Page 2

If you have any questions or would like to discuss this matter, you can contact me at (607) 255-3814

Yours truly,

Michael Chertoff
Assistant Attorney General
United States Department of Justice

Steven D. Clymer
Special Assistant United States Attorney

cc:     Peter O. Mueller, AUSA
        Thomas L. Caven, FAA

# EXHIBIT K

# United States District Court

## WESTERN DISTRICT OF WASHINGTON

TO.

Federal Aviation Administration
c/o Tom Caven
1601 Lind Avenue, SW
Renton, WA 98055-4056

## SUBPOENA TO TESTIFY
## BEFORE GRAND JURY

SUBPOENA FOR:
☐ PERSON      ☒ DOCUMENT(S) OR OBJECT(S)

YOU ARE HEREBY COMMANDED to appear and testify before the Grand Jury of the United States District Court at the place, date, and time specified below

| PLACE | COURTROOM |
|---|---|
| United States Courthouse 1010 5th Avenue 5th and Madison Seattle, WA 98104 | Room 311 |
| | DATE AND TIME |
| | June 12, 2002, 1 15 p.m. |

YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):*

All documents, records, property, and physical evidence, including helicopter parts, seized from James Houston Anderson, Kim Powell, and Intrex Helicopter, Inc., pursuant to search warrants executed at 2713 107th Avenue SE, Beaux Arts, Washington, 5040 Best Road, Bellingham, Washington, and any other locations, in and about April 1997. Please include any written inventories of said property

☐ Please see additional information on reverse

This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

| CLERK | DATE |
|---|---|
| BRUCE RIFKIN | May 30, 2002 GJ 01-1 USAO #2001R01575 SN #28629 |
| (BY)DEPUTY CLERK | Issued in Blank |

This subpoena is issued on application
of the United States of America.

NAME, ADDRESS AND PHONE NUMBER OF ASSISTANT U S ATTORNEY

STEVEN D. CLYMER, Special Assistant
U.S. Department of Justice
1110 Third Avenue, 11th Floor
Seattle, WA  98101, 206-262-2077

*If not applicable strike  none

# EXHIBIT L



**U.S. Department of Justice**

*United States Attorney*
*Western District of Washington*

*Please reply to*
*Peter O Mueller*
*Assistant United States Attorney*
*Direct Line (206) 553-4735*

601 Union Street, Suite 5100          Tel· (206) 553-7970
Seattle, Washington 98101-3903        Fax· (206) 553-6934
www usdoj gov/usao/waw

April 16, 2002

Carlton F. Gunn, Esq.
Assistant Federal Public Defender
1551 Broadway, Suite 501
Tacoma, Washington 98402

      Re:    United States v. James Houston Anderson, et al.
               No CR00-482L, USDC, W.D. Washington

Dear Mr. Gunn:

       In response to your March 6, 2002 letter to Bob Westinghouse, requesting return of property seized from your client, Kim Powell in connection with the above referenced case, please be advised as follows:

       Wills, passports, and children's health documents are not among the property seized. No cash was seized. Nor are we able to identify any items which you describe as "picture(s) of James Kufahl." Indeed, we don't know who James Kufahl might be. No tools or shop equipment were seized. The only helicopter or aircraft parts seized are those listed on pages 5, 10 and 11 of the search warrant inventory, a copy of which is being sent to you by separate correspondence discussed below. Specifically, the following items contained on the list attached to your March 6 letter were not seized·

| | |
|---|---|
| Hydraulic Pumps | 900 Gear Box parts |
| Main Transmission | Tail Rotor Hubs |
| Main Transmission cases, gears, bearings mast | Cross Tubes |
| Oil Pumps | Skid Tubes |
| Tail Rotor Hanger Bearings | Skid Saddle Tubes |
| Tail Rotor Drive Shafts | Seats |
| Lycoming T-53 engine parts | Controls & Control Tubes |
| 420 Gear Box parts | Servos |

Carlton F. Gunn -2
April 16, 2002

Five bank statements in the name of Karl Kjarsgaard (not Kirk Kasgaard) were seized, but no credit cards, personal papers or tax documents in that name were seized. A briefcase containing documents in the name of Parmela Powell was seized. Efforts were previously made by Agent Caven to return these items through attorney Frank Smith, however Mr Smith never followed through to arrange to pick up the items.

With respect to the remaining items, Mr. Powell has previously advised us that those items covered by the Bill of Sale between Intrex Helicopters Inc, and James Anderson are to be turned over directly to Mr. Anderson. Mr. Anderson, through his counsel, Mr. Setchell, has also requested those items. The problem is that many of the items covered by the Bill of Sale, fall into the categories such as Helicopter parts, log books, maintenance records etc, which Mr. Powell now requests be returned to him.

I have asked the FAA to go through the seized items and attempt to identify and segregate all documents arguably covered by the Bill of Sale. When that process is complete, you and Mr. Setchell can review the result, and attempt to agree on which items are covered by the Bill of Sale If you agree, all remaining documents and other items can then be returned to Mr. Powell. With respect to helicopter parts, they are individually listed on the search warrant inventory. I am sending you a copy of the inventory in a separate letter, addressed to both you and Mr. Setchell, which attempts to address the issue of the items covered by the Bill of Sale. Please review the inventory with Mr. Powell and advise me which of the seized parts, listed on pages 5, 10, and 11 of the inventory you agree are covered by the Bill of Sale and which, if any, you believe should be returned to Mr. Powell.

Yours truly,

JOHN McKAY
United States Attorney

PETER O. MUELLER
Assistant United States Attorney


cc: Tom Caven
F.A A.

# EXHIBIT M



**U.S. Department of Justice**
United States Attorney
Western District of Washington

Please reply to
STEVEN D CLYMER
Special Assistant United States Attorney

1110 Third Avenue, 11th Floor          Tel  (206) 262-0460
Seattle, Washington 98101-3903          Fax (206) 262-2329
Direct Line  (607) 255-3814

January 28, 2003

James L. Vonasch
526 1st Avenue S Apt. 321
Seattle, Washington 98101

Larry Setchell
Helsell Fetterman
1500 Puget Sound Plaza
1325 Fourth Avenue
Seattle, Washington  98101

      Re:   Property Seized From Kim Powell

Dear Counsel:

      I am writing in connection with the property seized from Kim Powell's residence in April 1997 as part of the Federal Aviation Administration ["FAA"] investigation. As you are aware, that property is the subject of a pending Rule 41(e) motion for return of property.

      The government is in the process of identifying those pieces of property seized from Mr. Powell that it is willing to return without judicial intervention [hereinafter "released Powell property"]. Because, to my knowledge, the dispute between Mr. Powell and James Anderson about the ownership of some of that property has never been resolved, the government will not transfer the released Powell property directly to Mr. Powell. Instead, it will be turned over to FAA Special Agent Thomas Caven. Special Agent Caven will make the released Powell property available to both Powell and Anderson, or their representatives, for joint inspection at a mutually agreeable time. If Powell and Anderson are able to reach agreement about the ownership of any of that property, the government will transfer possession of such property to the appropriate party. The government will not transfer possession of any property over which there remains any dispute about ownership. If you would like to make arrangements to have your clients (or their representatives) jointly inspect the released Powell property under these terms, contact Assistant United States Attorney Peter Mueller.

James L. Vonasch
Larry Setchell
Re: Seized Powell Property
January 23, 2003
Page 2

    To avoid any confusion, please note that (a) the government is releasing some, not all of the Powell property; and (b) the government is not releasing any of the property seized in April 1997 from Mr. Anderson's residence.

Yours truly,

Bruce Ohr
Chief, Organized Crime & Racketeering Section
Criminal Division, Department of Justice

— S —

Steven D. Clymer
Special Assistant United States Attorney

cc:    Peter O. Mueller, AUSA
       Thomas L. Caven, FAA
       Ronald M. Bone, FBI